L. K. MORRIS, APPELLANT, V. E. L. WILLITS, APPELLEE.

[FILED MAY 13, 1890.]

1. **Mechanics' Liens:** WAIVER NOT PROVED. In an action by a material-man to foreclose a mechanic's lien upon a dwelling house for building material used therein the defense was that the contract price of the building was $1,600, of which sum $1,000 was to be paid in town lots. The proof failed to show any agreement of the material-man to accept town lots or anything but cash for the material furnished. *Held*, That the defense failed and that the plaintiff was entitled to a foreclosure of his lien.

APPEAL from the district court for Harlan county. Tried below before GASLIN, J.

*J. G. Thompson,* and *Batty & Casto,* for appellant.

*C. C. Flansburg, contra.*

MAXWELL, J.

This action was brought by the plaintiff as a material man to foreclose a mechanic's lien upon a dwelling house and certain lots of the defendant Willits, the amount claimed to be due being $1,267.17 and interest. The defendant Willits in his answer:

"Admits the making of the contract between the said defendant A. T. Phillips and this defendant to erect and furnish material for a certain dwelling house, to be erected on the said lots in the said petition of said plaintiff set forth, and denies each and every other allegation therein contained; that at the time of the making of the contract between the said defendant Phillips and this defendant, the said parties mutually agreed that the price of said house should be the sum of $1,450 above the foundation walls,

the said A. T. Phillips to furnish everything except the hardware; that it was then and there agreed by and between the said parties hereto that, as a part of the consideration to be paid the said defendant A. T. Phillips· for the said erection and construction of said dwelling house, the said Phillips should receive, as and at the sum of $1,000, the lots 3, 4, 5, and 6, in said block 14, Willits' Addition to the town of Alma, Nebraska, which real estate should be a part payment of and on the contract price of $1,450.

" That before the completion of said contract with said defendant A. T. Phillips, and before said plaintiff furnished any of the material for said house, the said answering defendant went to Henry Cluskey, the agent of said L. K. Morris, in charge of the yard at Alma, and asked him if he understood the agreement with said Phillips in regard to the real estate payment and if he (the said Cluskey) would take defendant Phillips as and for security for the material furnished said Phillips, and the said Cluskey then and there agreed on behalf of said plaintiff to accept the said real estate traded to said Phillips as and for the said sum and to release this defendant from any and all liability therefor, and to look to said Phillips alone for payment; that the said answering defendant could not have built the said dwelling without the arrangement made by and with the said Phillips to take the said property at and for the sum of $1,000, and the said agreement so as aforesaid was the inducement to said answering defendant to make said contract and erect said building; that afterwards and on the —— day of ——, 1888, the said answering defendant notified the then agent of said L. K. Morris, C. P. Manville, that he should not furnish any more lumber to said defendant Phillips unless he could stand to the agreement made and entered into by and between the said Phillips and this defendant.

" That the said defendant A. T. Phillips is not insolv-. ent but is in equity the owner of the said real estate, to-wit:

lots 3, 4, 5, and 6, in block 14, in Willits' addition to the town of Alma, Nebraska, and that said property is of the value of $1,000, and is not exempt as a homestead under the laws of the state of Nebraska."

The reply consists of specific denials.

On the trial of the cause the court found the issues in favor of the plaintiff to the extent of $167 and rendered a decree accordingly.

The testimony of Mr. Willits is that he entered into a contract with one Phillips to furnish the material and build the house in question for $1,600, $150 of which was to be expended by Willits in putting in the foundation. He also testifies that $1,000 of this sum was to be paid to Phillips in certain lots in the village of Alma, and that he stated this fact to one Cluskey, an agent of the plaintiff, and asked him if he was willing to trust Phillips for the lumber and material, and that he (Cluskey) said "Yes, yes." Cluskey denies this, however, and says he had no authority to waive the right of his principal to a lien, and this is sworn to by the plaintiff, and there is no proof whatever to show he had such right. And even if we give the defendant's testimony the full effect claimed for it, it falls far short of establishing a contract by which the lien would be waived had it been made with the plaintiff himself. There is no sufficient proof of waiver therefor and the plaintiff is entitled to the full amount of his claim.

The proof shows that there were changes made in the building by reason of which the cost was considerably increased and more material required than was originally contemplated.

The plaintiff did not agree to take town lots for his building material, and a contract between Phillips and the defendant to which he was not a party and did not consent cannot bind him.

The decree of the district court is reversed and a decree

foreclosing the lien for the amount claimed, with interest thereon, will be entered in this court.

JUDGMENT ACCORDINGLY.

THE other judges concur.